IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE D. NEWCOMB,

                                                                                                                  ORDER

                   Plaintiff,

                                                                                   16-cv-273-bbc

       v.                                                                            10-cr-116-bbc

KYLE KNOTZ,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Terrance D. Newcomb has filed a motion to compel the United States Attorney to turn over the video and all evidence used in connection with the October 28, 2014 hearing on the revocation of his supervised release. He also asks for copies of all court documents as well as "Any and all documents in this case." Mot., dkt. #73, 10-cr-116.

      The United States Attorney is not a party to plaintiff's case against Kyle Knotz, which means that it has no duty to disclose any exhibits or information to plaintiff under Fed. R. Civ. P. 26 or 34. As plaintiff knows, the subject of a video never came up at plaintiff's revocation hearing, Trans., dkt. #55, 10-cr-116. If there was such a video, plaintiff's criminal defense counsel or his supervising probation officer may have a copy of it to provide to plaintiff or may be able to help plaintiff find a copy.

      As for plaintiff's request for copies of court documents, I am enclosing a copy of the docket sheet for plaintiff's criminal case, 10-cr-116. Plaintiff should review it and determine

1

whether any of the documents shown on the docket sheet would assist him in prosecuting this civil case. If so, he may write to the Clerk of Court, 120 N. Henry St., Madison, WI 53703, identifying the documents he wants. Ordinarily, the cost for each page is 50 cents, but because plaintiff has been found to be indigent, dkt. #4, he will have to pay only 10 cents per page. (Plaintiff cites Griffin v. Illinois, 351 U.S. 12 (1953), in support of his request for free copies of documents, but Griffin was a criminal case in which the defendant's liberty was at stake. This case is a civil one and different rules apply.)

Plaintiff has also asked for any and all documents in "this case," by which I understand him to be asking for documents in this civil case, 16-cv-273. I will enclose a copy of the docket sheet for this case. If plaintiff wants copies of any documents, he should follow the procedure set out in the paragraph above.

ORDER

Plaintiff Terrance D. Newcomb's motion to compel the United States Attorney to turn over the video and all evidence used in connection with the October 28, 2014 hearing on the revocation of his supervised release is DENIED. Plaintiff's requests for documents are GRANTED; he may obtain copies of documents by following the procedure set out in

this order.

    Entered this 29th day of September, 2016.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge