IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE D. NEWCOMB,

                              ORDER

        Plaintiff,

                             16-cv-273-bbc

  v.

KYLE KNOTZ,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Terrance Newcomb is proceeding on the following two Fourth Amendment claims arising out of a 2015 traffic stop conducted by defendant Kyle Knotz, a deputy sheriff for Dunn County, Wisconsin: (1) defendant unreasonably prolonged the traffic stop; and (2) defendant used a taser against plaintiff without justification. Defendant has moved for summary judgment on both claims, dkt. #16, but plaintiff has not responded to the motion, even after the court extended plaintiff's deadline by more than a month. Dkt. #23.

It is possible that plaintiff has not responded because he is not aware of defendant's summary judgment motion or the deadline for responding. After defendant filed his motion, the court attempted to send plaintiff a briefing schedule, but it was returned to the court as undeliverable. Dkt. #22. The court then sent the briefing schedule to an alternative address listed on defendant's certificate of service. Dkt. ##20 and 22. (Defendant did not explain

1

how he obtained that address.) More than two months have passed and the notice has not been returned but neither has plaintiff communicated with the court in any way.

This suggests another possibility, which is that plaintiff has lost interest in pursuing this case. Plaintiff was incarcerated at the time he filed the lawsuit, but he since has been released. A lawsuit may become a lower priority once the plaintiff must cope with the responsibilities and stresses of daily living outside prison. Carson v. Johnson, 112 F.3d 818, 822 (5th Cir.1997) ("Prisoners have substantially more free time than do non-prisoners and are provided with food, housing, paper, postage, and legal assistance by the government.").

Regardless of the reason for plaintiff's failure to respond, it was his responsibility to inform the court of his current address. The order screening plaintiff's complaint made this point clear: "If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute." Dkt. #6 at 7.

I will give plaintiff one more opportunity to file a substantive response to defendants' motion for summary judgment. If he fails to do so by the new deadline, I will dismiss this case with prejudice under Rule 41 of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute.

ORDER

IT IS ORDERED that plaintiff Terrance Newcomb may have until June 6, 2017, to

file a response to defendant Kyle Knotz's motion for summary judgment. If Knotz does not respond by that date, I will dismiss this case with prejudice under Fed. R. Civ. P. 41 for plaintiff's failure to prosecute. No additional extensions will be granted in the absence of extraordinary circumstances.

Entered this 22d day of May, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge